UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TOMMY S. CUMBEE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:23-CV-358-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| SPIRIT LOGISTICS NETWORK, INC., | ) **AND ORDER** |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Rule 12 Motion to Dismiss filed by Spirit Logistics Network, Inc. and Lowe's Home Centers, LLC, [R. 7], and the Motion filed by Plaintiff Tommy S. Cumbee to hold the Motion to Dismiss in Abeyance, [R. 15].

Cumbee initiated this action through the filing of his Complaint in Jefferson Circuit Court on June 6, 2023. *See* [R. 1-1]. The Complaint names Spirit, Lowe's, and unknown employees of Spirit as defendants. *See id.* at 1. According to the Complaint, on June 2, 2022, employees and/or agents of Lowe's and Spirit were delivering a new refrigerator to, and removing an old refrigerator from, a home owned and occupied by Cumbee. *See id.* at ¶ 9. However, for unknown reasons, the delivery and removal were unable to be completed, and an altercation ensued as the workers were leaving Cumbee's home. *See id.* at ¶¶ 10-11. Cumbee alleges that he was injured in the altercation. *See id.* at ¶ 12.

Based on these facts, Cumbee alleges the following causes of action against all Defendants: intentional infliction of emotional distress (Count I); negligent infliction of emotional distress (Count II); assault (Count III); battery (Count IV); trespass (Count V); negligent hiring, retention, and supervision (Count VI); injury to rights (Count VII); taking, detaining, or injuring personal

property (Count VIII);[1] violation of the Consumer Protection Act, KRS 367.170 (Count IX); and vicarious liability (Count X). *See id.* at 4-8.

On July 12, 2023, Lowe's removed the action to this District on the basis of diversity jurisdiction,[2] *see* [R. 1], and soon thereafter, Lowe's and Spirit jointly moved to dismiss Cumbee's claims against them. *See* [R. 7]. Rather than substantively respond to the Motion to Dismiss, Cumbee has filed a Motion to Hold the Motion to Dismiss in Abeyance.[3] *See* [R. 15]. Through that Motion, Cumbee asks the Court to delay ruling on the Motion to Dismiss so that he can take "limited discovery to ascertain the whereabouts of the Defendant Employees and service upon them of the Complaint and Summonses, at which time the Court's jurisdiction over this matter can be determined." *See id.* at 3. The crux of Cumbee's argument in requesting that the Court hold the Motion to Dismiss in abeyance is that discovery could reveal the name of the unknown defendant(s) and that those individuals could be domiciled in Kentucky, meaning diversity jurisdiction would not exist in this matter. *See id.* at 2.

In response to Cumbee's Motion, Spirit and Lowe's argue that diversity jurisdiction is determined at the time removal and that, because Cumbee has not yet been able to identify the unknown defendants, their citizenship must be disregarded for purposes of determining whether

---

[1] The Complaint contains two causes of action that are numbered "Count VII." *Compare* [R. 1-1, ¶¶ 33-34] *with* [R. 1-1, ¶¶ 35-36]. The Court has renumbered the causes of action so they are sequential.

[2] The Notice of Removal references a case filed in Johnson Circuit Court; this appears to be a scrivener's error. *See* [R. 1, ¶ 1]. Additionally, the Notice of Removal refers to Spirit as a "New Jersey Corporation" and represents that Spirit "is not a citizen of Kentucky." *See id.* at ¶ 10; *see also* [R. 1-1, ¶ 2]. However, the record does not reveal Spirit's principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, the Court will order Spirit to make an appropriate filing in the record detailing its place of incorporation and its principal place of business. *See* Fed. R. Civ. P. 7.1(a)(2).

[3] Cumbee also served limited discovery on Lowe's and Spirit and served a Rule 30 notice to take the deposition of Lowe's and Spirit, *see* [R. 15-1]; [R. 15-2], but defense counsel requested Cumbee's counsel withdraw the Rule 30 notice because the parties had not yet met and conferred pursuant to Rule 26. *See* [R. 19, p. 3]; *see also* [R. 17].

diversity jurisdiction is present in this case. *See* [R. 19]. Spirit and Lowe's are correct that the Sixth Circuit "has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). And it is true that 28 U.S.C. § 1441(b)(1) states that, in determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."

However, courts have considered the citizenship of "unknown" or "unnamed" defendants when a plaintiff's complaint provides a sufficient description of the unknown defendant such that that individual could "be identified in such a manner that his existence and identity cannot reasonably be questioned." *See Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2559300, at *2 (W.D. Ky. June 25, 2008) (crediting plaintiffs' argument); *see Allen v. Frasure Creek Mining Co.*, No. CV 12-110-GFVT, 2012 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2012); *May v. Mercy Ambulance of Evansville*, No. CV 21-47-DLB, 2021 WL 5149966, at *3 (E.D. Ky. Nov. 4, 2021); *Harrison v. Diamond Pharmacy Servs.*, No. 4:21-CV-63-JHM, 2022 WL 566787, at *2 (W.D. Ky. Feb. 24, 2022). And in such cases, "whether the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes." *Allen*, 2012 WL 12924816, at *2 (cleaned up).

*Musial* is an example of a case in which a court considered the citizenship of unknown defendants when determining whether diversity jurisdiction existed. That case involved an action filed after a professional truck driver was killed when a pipe he was transporting in a flatbed trailer shifted and pierced into the truck cab. *See Musial*, 2008 WL 2559300, at *1. The plaintiffs claimed that the driver's death was caused by the improper loading of the pipe as well as the failure of the

trailer's front end structure device. *Id.* The plaintiffs originally filed suit in state court against named and "unknown" defendants. *Id.* The named defendants then removed the action to federal court on the basis of diversity jurisdiction. *Id.* The plaintiffs subsequently filed a motion to remand, arguing that the citizenship of "Defendant 'John Doe'" should be taken into account, which would have destroyed diversity jurisdiction. *Id.* In response, the defendants argued the unknown defendant had been fraudulently joined. *See id.* at *2.

Upon consideration of all of the parties' arguments, the court granted the plaintiffs' motion to remand.[4] *See id.* *5. In doing so, the court observed that the plaintiffs had described Defendant John Doe as the employee (of one of the named defendants) who had loaded the pipe into the driver's trailer and alleged the citizenship of the employee. *See id.* at *4. The Court also observed that that employer defendant was clearly "in a better position than Plaintiffs to ascertain the citizenship of Defendant 'John Doe.'" *Id.* Thus, the court found that the plaintiffs had provided a description of the unknown defendant in their Complaint "in such a way that his identity could not reasonably be questioned" and "that it would be unfair to Plaintiffs to force them from their chosen state court forum into federal court by allowing Defendant PTC to plead ignorance about the identity and citizenship of their employee Defendant 'John Doe.'" *Id.* Ultimately, the court took the citizenship of the John Doe defendant into account and remanded the action to state court, having found complete diversity did not exist. *See id.* at *4-5.

In this case, Cumbee alleges that the "Unknown Employees of Spirit Logistics Network, Inc. . . were residents of Jefferson County, Kentucky," and he specifies the date on which the

---

[4] Although one of the cases relied upon by *Musial* is no longer followed in its district, *see Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462 (E.D. La. 1994), courts have continued to follow the reasoning of *Musial*. *See May*, 2021 WL 5149966, at *2; *see also Gill v. Fam. Dollar Stores of Ky., LP*, No. 3:20-CV-648-RGJ, 2021 WL 1294780, at *3 (W.D. Ky. Apr. 7, 2021).

employees or agents of Spirit and Lowe's attempted to deliver the refrigerator to his property (June 2, 2022) and alleges that he was injured in an altercation with those individuals. *See* [R. 1-1, ¶¶ 3, 9-12]. On similar facts, courts have granted motions to remand. *See Gill*, 2021 WL 1294780, at *3 ("Here, like in *Musial*, Plaintiffs' Complaint describes the fictious defendants so that their identity could not be reasonably questioned. The Complaint describes a violent assault in one of Defendants' stores. It also provides the date of the assault and the geographic location. Based on this information alone, Defendants could determine the identities of the Unknown Agents.") (cleaned up). However, Cumbee has not filed a motion to remand, but has instead requested time for "very limited discovery" so that he may have the opportunity to identify the unknown employee(s). *See* [R. 15, p. 3]. On this record, the Court finds Cumbee's motion well taken.

For one, if Cumbee is able to learn the identity and citizenship of the unknown employee(s) and if any of those individuals are domiciled in Kentucky, a motion to remand would be proper. *See Gill*, 2021 WL 1294780, at *3 (collecting cases); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *cf. May*, 2021 WL 5149966, at *3 ("If Unknown Defendants are later established to be citizens of Kentucky, then complete diversity may be subsequently questioned, and remand may be appropriate, but such is not the case based on the current record."); *Harrison*, 2022 WL 566787, at *2 ("Until such time as Harrison amends the complaint to include the real John/Jane Does, the existence of these fictious defendants do not serve as a basis to remand the case. As accurately noted by both parties, if the complaint is later amended to substitute real, non-diverse defendants for the John/Jane Doe Defendants, diversity jurisdiction will be destroyed, and the Court would remand to the Muhlenberg Circuit Court."). For another, this action was removed to this District

within weeks of Cumbee filing his Complaint in state court, and the named Defendants are in a better position to know the citizenship of their employees. *See Musial*, 2008 WL 2559300, at *3-4. Finally, the Federal Rules of Civil Procedure permit discovery before the parties have met and conferred when authorized by court order. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.").

In such a posture, the Court will give Cumbee ninety days within which to conduct narrow discovery into the identity of the employee(s) who were present at his property on June 2, 2022, and were involved in the alleged altercation with him. Specifically, Cumbee is expressly permitted to obtain discovery from Spirit and Lowe's that is reasonably tailored to reveal the identity of the unknown defendants, including but not limited to employment records (or other records) with respect to those individuals. At the expiration of the ninety days, Cumbee shall make an appropriate filing in the record informing the Court of whether efforts to learn the identity of the unknown employees were successful, the domicile of those individuals (if known), and whether service has been accomplished.

Relatedly, the Court will deny Spirit and Lowe's pending Motion to Dismiss [R. 7] without prejudice at this time as prematurely filed. Indeed, "[i]f the Court were to decide that complete diversity does not exist, it would lack subject matter jurisdiction to address the merits of Plaintiff['s] claim under Rule 12(b)(6)." *Alsman, Next Friend of A. A. v. Tex. E. Transmission, LP*, No. 5:20-CV-375-JMH, 2021 WL 3269257, at *1 (E.D. Ky. July 30, 2021).

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

- 7 -

1. The Rule 12 Motion to Dismiss filed by Spirit and Lowe's **[R. 7]** is **DENIED** without prejudice.

2. Cumbee's Motion to Hold the Defendants' Motion to Dismiss in Abeyance **[R. 15]** is **GRANTED**.

3. Within **ninety (90) days** of the entry of this Order, Cumbee shall make an appropriate filing in the record informing the Court of the status of the narrow discovery permitted by this Order.

4. Within **fourteen (14) days** of the entry of this Order, Spirit shall make an appropriate filing in the record detailing its place of incorporation and its principal place of business. *See* Fed. R. Civ. P. 7.1(a)(2).

This the 7th day of December, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY