UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TOMMY S. CUMBEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-CV-358-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SPIRIT LOGISTICS NETWORK, INC., | ) | **AND ORDER** |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Tommy S. Cumbee's Motion Pursuant to CR 15(a)(2) to Amend Complaint [R. 26] and his Motion to Remand Back to Jefferson Circuit Court [R. 27]. Defendants Spirit Logistics Network, Inc., and Lowe's Home Centers, LLC, responded to both motions [R. 28]; [R. 29], and Cumbee replied to the response to his Motion to Amend [R. 30]. The matter stands submitted for review. For the following reasons, both of Cumbee's motions will be granted, and the Court will remand this action to state court.

As the Court has explained before, *see* [R. 21, pp. 1–2], Cumbee initiated this action through the filing of his Complaint in Jefferson Circuit Court on June 6, 2023, *see* [R. 1-1]. The Complaint names Spirit, Lowe's, and unknown employees of Spirit as defendants. *See id.* at 2. According to the Complaint, on June 2, 2022, employees and/or agents of Lowe's and Spirit were delivering a new refrigerator to, and removing an old refrigerator from, a home owned and occupied by Cumbee. *See id.* at ¶ 9. However, for unknown reasons, the delivery and removal were unable to be completed, and an altercation ensued as the workers were leaving Cumbee's home. *See id.* at ¶¶ 10–11. Cumbee alleges that he was injured in the altercation. *See id.* at ¶ 12.

Based on these facts, Cumbee pleads the following causes of action: intentional infliction of emotional distress (Count I); negligent infliction of emotional distress (Count II); assault (Count III); battery (Count IV); trespass (Count V); negligent hiring, retention, and supervision (Count VI); injury to rights (Count VII); taking, detaining, or injuring personal property (Count VIII); violation of the Consumer Protection Act, KRS 367.170 (Count IX); and vicarious liability (Count X). *See id.* at 4–8. On July 12, 2023, Lowe's removed the action to this Court on the basis of diversity jurisdiction, *see* [R. 1], and soon thereafter, Lowe's and Spirit jointly moved to dismiss Cumbee's claims against them. *See* [R. 7].

Rather than substantively respond to the Motion to Dismiss, Cumbee filed a Motion to Hold the Motion to Dismiss in Abeyance, *see* [R. 15]. In doing so, Cumbee requested that the Court delay ruling on the Defendants' Motion to Dismiss, arguing that discovery could reveal the name of then-unknown defendants who could be domiciled in Kentucky and whose joinder to this litigation would destroy diversity jurisdiction. *See id.* at 2. Upon consideration of the parties' motions, the Court granted Cumbee's motion to hold ruling on the Defendants' motion in abeyance and denied the Defendants' motion without prejudice. *See* [R. 21]. Additionally, the Court granted Cumbee ninety days within which to conduct discovery regarding the then-unknown defendants and to file an appropriate motion in the record. *See id.* at 7.

On February 27, 2024, Cumbee filed his Motion to Amend. *See* [R. 26]. Through that motion, Cumbee asks the Court for leave to file an Amended Complaint that names C.M. Transportation LLC and John W. Brown, Jr., in place of the unknown employees who were named in the original Complaint. *See id.* at 1. Here, Cumbee explains that counsel for Spirit had tendered discovery responses, which identified "John Brown" and "Kyle Brown, who is deceased," as the unknown employees. *See id.* at 2; *see also* [R. 26-1, p. 3]. The discovery further revealed that

these individuals were not employees of Spirit, but rather of C.M. Transportation LLC, and that John Brown's last known address was in Louisville, Kentucky. *See* [R. 26, p. 2]; *see also* [R. 26-1, pp. 2–3]; [R. 26-2] (listing Brown's full name as "John W. Brown, Jr." and his last known address). Cumbee has tendered an Amended Complaint for the Court's consideration. *See* [R. 26-6]. Relatedly, through his Motion to Remand, Cumbee asks that this matter be remanded to state court if the Court determines that his Motion to Amend should be granted. *See* [R. 27-1].

Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the Court concludes that Cumbee should be permitted to amend his Complaint, as he seeks to add the company who employed the delivery workers who allegedly assaulted him and one of those individuals as defendants. *See* [R. 26-6]. Notably, Defendants have not argued that Cumbee's Motion to Amend should be denied because of undue delay, bad faith or dilatory motive on Cumbee's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties by virtue of the amendment, or futility. *See Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 636 (W.D. Ky. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Instead, in their response, Defendants first confusingly argue that Cumbee has not met his burden to show that diversity jurisdiction is present in this action. *See* [R. 28, p. 1]. But Cumbee does not want to have this case heard in federal court and, more particularly, argues that diversity jurisdiction *is not* present. Moreover, it was Lowe's who removed the action to this Court on the basis of diversity jurisdiction; Cumbee did not file his initial Complaint here. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A defendant removing a case has the burden of proving the diversity jurisdiction requirements."); *see also Palmer v. XPO Logistics Inc.*, No.

CV 5:22-247-KKC, 2023 WL 4703330, at *2 (E.D. Ky. July 24, 2023) (quoting *Rogers*, 230 F.3d at 871).

Second, Defendants argue that Cumbee's failure to properly identify the citizenship of C.M. Transportation LLC provides grounds for the Court to deny Cumbee's Motion to Amend. *See* [R. 28, pp. 1–2]. In this regard, it is true that Cumbee has failed to provide the citizenship of the members of the LLC, which would be required for the Court to assess its citizenship. *See Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). But the Defendants' argument misses the mark because John Brown's addition to this litigation alone destroys diversity jurisdiction, since his last known address indicates he is a citizen of Kentucky. *See* [R. 26-2]. Noticeably, Defendants do not dispute this conclusion. *See* [R. 29, p. 2] (citing 28 U.S.C. § 1447(c)) ("These Defendants acknowledge that should this Court grant Plaintiff's companion motion requesting leave to amend the complaint to specifically name new parties, diversity jurisdiction may no longer be present.").

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (internal quotation marks omitted). "The general rule is that diversity is determined at the time of the filing of a lawsuit." *Id.*; *see also Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir. 2020) (quoting *Curry*, 462 F.3d at 540). But "[n]otwithstanding this general rule," the Sixth Circuit has held "that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Curry*, 462 F.3d at 540.

As explained above, the Court will exercise its discretion to grant Cumbee leave to amend his Complaint to add the new defendants, one of which is a citizen of Kentucky. In light of that amendment, the Court finds diversity now lacking because Cumbee and Brown are both citizens of Kentucky. Remand to state court is therefore proper. *See id.* at 541 ("Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time."); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Accordingly, for the foregoing reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Cumbee's Motion Pursuant to CR 15(a)(2) to Amend Complaint **[R. 26]** is **GRANTED**.

2. Cumbee's Motion to Remand **[R. 27]** is **GRANTED**.

3. This action is **REMANDED** to Jefferson Circuit Court.

This the 3rd day of May, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY